42 F.3d 1386
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Shane D. HARSLEY, Defendant-Appellant.
 No. 93-5895.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 17, 1994.
Decided: December 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-93-75-N)
 William P. Robinson, Jr, Robinson, Madison, Fulton & Anderson, Norfolk, VA, for appellant. Helen F. Fahey, William D. Muhr, Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Shane D. Harsley entered a guilty plea to possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and was sentenced to a term of 156 months. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that in his view there are no meritorious grounds for appeal. Harsley has filed a pro se supplemental brief in which he contends that his attorney was ineffective in that he failed to file a motion to suppress the crack. We affirm the conviction and sentence.
 
 
 2
 Harsley's attorney first questions the sufficiency of the evidence supporting the conviction. Our review of the factual basis for the guilty plea discloses that the government produced proof at the Fed.R.Crim.P. 11 hearing which adequately supported Harsley's guilty plea. On February 19, 1992, two Portsmouth, Virginia, policemen in an unmarked car observed Harsley's black Acura Legend parked in the road with a crowd around it. Because of a crime tip, they were looking for a black car from which drugs were being distributed. When the police car made a U-turn, the crowd scattered and Harsley drove away at high speed. The officers chased Harsley for a mile before they caught up to him and pulled him over. He refused to leave his car until the officers drew their weapons, and he refused to allow a search of the car. While performing a weapons search, the officers found an opaque plastic bag on the floor of the car which seemed to contain other plastic bags and hard chunky objects. One of the officers tore the bag slightly, and saw crack.[1] Harsley had 200 grams of crack in all.
 
 
 3
 Second, appellate counsel questions the district court's failure to award Harsley a three-level adjustment for acceptance of responsibility under guideline section 3E1.1(b).[2] Because Harsley entered his guilty plea on the day scheduled for trial and did not cooperate with authorities prior to his plea, he did not qualify for a three-level reduction. The probation officer did not recommend it, and Harsley did not request it. The court properly gave Harsley a two-level reduction.
 
 
 4
 In his pro se supplemental brief, Harsley contends that his attorney was ineffective in failing to file a motion to suppress the crack. Ineffective assistance should be raised in a motion under 28 U.S.C. Sec. 2255 (1988) rather than on direct appeal unless the record conclusively demonstrates ineffectiveness. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 5
 In this case, the record does not establish that Harsley's attorney was ineffective. Before he entered his guilty plea, Harsley specifically acknowledged that he had decided to plead guilty to avoid the possibility of an enhanced sentence under 21 U.S.C. Sec. 851 (1988), and that he knew he was waiving his right to contest the search of the plastic bag. His attorney explained fully the circumstances leading to Harsley's decision to forego a suppression hearing, and Harsley agreed with the attorney's account.
 
 
 6
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari or move to withdraw from further participation.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 According to the presentence report, the officer called police headquarters before tearing the bag and was told that he did not need a search warrant because of the crime tip and his experience with narcotics (which presumably enabled him to recognize the presence of crack in the bag and provided probable cause to search). Harsley did not dispute the accuracy of this account at sentencing; however, it was not part of the factual basis in the Rule 11 hearing
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)